UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MELISSA STEWART,

                              Plaintiffs,

                      -against-

VICTORIA'S SECRET STORES, LLC,
DELFIN RUIZ, CHRIS SCANAPICO, and
JANE/JOHN DOES VICTORIA SECRET
STORES, LLC EMPLOYEES,

                          Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-5272

(Wexler, J.)

APPEARANCES

    QUADRINO & SCHWARTZ, P.C.
    BY: AMY BETH MARION, ESQ.
    Attorneys for Plaintiffs
    666 Old Country Road Ninth Floor
    Garden City, New York 11530

    MYEROWITZ, JEFFREY & GLIDDEN
    BY: MICHAEL JAY GLIDDEN, ESQ.
    Attorney for Defendants
    132 Buena Vista Road
    New City, New York 10956

WEXLER, District Judge

    This lawsuit was commenced by Plaintiff Melissa Stewart ("Plaintiff" or "Stewart") in the Supreme Court of the State of New York, County of Kings. Because Plaintiff's state court amended complaint raises, <u>inter alia</u>, Federal Constitutional claims pursuant to 42 U.S.C. §1983 ("Section 1983"), the matter was properly removed here. Presently before the court is Defendants' motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, all federal claims are dismissed, the court declines to exercise

jurisdiction over any remaining state law claims, and the complaint is dismissed.

## BACKGROUND

I.  The Parties and the Incident Forming the Basis of Plaintiff's Claims

The facts set forth below are drawn from Plaintiffs' complaint. The facts are construed in the light most favorable to Plaintiff, and assumed at this juncture to be true.

Plaintiff Stewart is an individual who resides in Brooklyn, New York. Named as Defendants are Victoria's Secret Stores, LLC, and individual Defendants Delfin Ruiz ("Ruiz") and Chris Scanapico ("Scanapico").[1] Delfin and Ruiz were employed at a Victoria's Secret retail store (the "Store") located at the Green Acres Mall (the "Mall") in Valley Stream, New York. Scanapino is alleged to have been the manager of the Store. Ruiz is alleged to have worked there as a loss prevention manager.

The incident forming the basis of Plaintiff's complaint took place on June 10, 2010. On that date, Defendant Ruiz is alleged to have observed a Black female, later identified as Plaintiff, entering the Mall. Presumably because the woman looked familiar to him, Ruiz returned to the Store to review surveillance tape of a prior theft. After reviewing the tape, Ruiz gave a statement to a Nassau County Police Officer, identified in the complaint as "Officer Alvarez." That statement identified Stewart as the woman on the Store's surveillance tape. According to the complaint, Ruiz "recklessly, carelessly and negligently reported" to Officer Alvarez that the woman in the Mall was the same woman who he observed on the surveillance tape stealing property from the Store.

---

[1] Plaintiff also names "Jane/John Doe Victoria's Secret Stores LLC employees" as Defendants. Knowing the identity of any such Defendant is irrelevant to the disposition of this motion.

2

After making his statement to Officer Alvarez, Ruiz is alleged to have viewed a photo array provided to him by Nassau County Detective Dezelic ("Detective Dezelic"). That array included a photograph of Plaintiff, and upon review thereof, Ruiz identified Stewart as the thief in the surveillance video. This identification is alleged to have been a part of the plan of Ruiz and Detective Dezelic to falsely accuse Stewart of being the woman observed by Ruiz in the surveillance video. Specifically, the complaint alleges that Ruiz "with deliberate indifference and reckless disregard acted in concert with Detective Dezelic knowing that Melissa Stewart looked nothing like" the person observed by Ruiz on the Store surveillance tape.

II. <u>Plaintiffs' Complaint</u>

Plaintiffs' complaint sets forth claims pursuant to Section 1983 as well as the Constitution and common law of the State of New York. The Section 1983 claims allege a violation of the Fourth and Fourteenth Amendments to the United States Constitution. Such claims sound in false arrest and illegal seizure. Parallel claims are asserted pursuant to the Constitution of the State of New York. The state common law claims allege, generally, negligence in the hiring and training of Store employees.

III. <u>The Motion To Dismiss</u>

Defendants move to dismiss the complaint for failure to state a claim. Dismissal of the Federal and State Constitutional claims is sought on the ground that no such claims are stated where, as here, the named defendants are private individuals and not governmental actors. Dismissal of the remaining state law claims is sought for failure to allege facts sufficient to state a claim. After reviewing applicable legal principles the court will turn to the merits of the motion.

DISCUSSION

I. <u>Legal Principles</u>

3

A.  Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). Nonetheless, the court is bound to apply the standard set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). Twombley rejected the earlier standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The "no set of facts" language has now been discarded in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombley, 127 S.Ct. at 1974; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

B.  Section 1983: General Principles

The constitutional right alleged to have been violated here is Plaintiff's Fourth Amendment right to be free from unreasonable seizure. A claim pursuant to Section 1983 is the vehicle for asserting violation of such a right. Patterson v. County of Oneida, 375 F.3d 206, 225 (2d. Cir.2004). Under circumstances such as those present here, a Section 1983 claim is analyzed under "substantially the same" principles applied to a state law claim for false arrest. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir.2003), quoting, Weyant v. Okst, 101 F.3d 845, 852 (2d

4

Cir.1996).

In addition to alleging the violation of a Constitutionally protected right, a Section 1983 plaintiff must also show that the defendant was either a state actor, or a private individual who acted "under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir 2002); Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993); Flores v. Levy, 2008 WL 4394681 *6 (E.D.N.Y. 2008). This is referred to as the "state action" requirement. Ciambriello, 292 F.3d at 323. While it is clear that private individuals are not state actors, such individuals can be liable for civil rights violations under Section 1983 if they have conspired, or engaged in joint activity with state actors. Briscoe v. LaHue, 460 U.S. 325, 330 n.7 (1983); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Ginsberg v. Healy Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999); Annunziato v. The Gan, Inc., 744 F.2d 244, 250 (2d Cir. 1984); Puletti v. Patel, 2006 WL 2010809 *6 (E.D.N.Y. 2006).

The concepts of acting "jointly" or in "conspiracy with" state actors are intertwined. See, e.g., Temple v. N.Y.S. Dept. of Taxation & Finance, 2012 WL 503618 *6 (E.D.N.Y. 2012) (conspiracy); Bacquie v. City of New York, 2000 WL 1051904 *1 (S.D.N.Y. 2000) (joint action). Even if considered as conceptually separate theories, both require the pleading of facts sufficient to show something more than conclusory allegations.

Joint action with a state official can be found only if it is shown that the private individual acted in "wilful collaboration" with a state actor to deprive the plaintiff of a federal right. Id. Such collaboration is stated only if a plaintiff can plead more than "conclusory allegations" or naked assertions." See, e.g., Bacquie, 2000 WL 1051904 *1. Thus, pleadings asserting joint activity must allege "specific facts tending to show agreement and concerted action." Id.

Similarly, stating a Section 1983 conspiracy claim against a private individual requires

5

more than pleading simply, and in conclusory fashion that the defendant "conspired" with state actors. Ciambriello, 292 F.3d at 324 Instead, the plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pacicca v. Stead, 2011 WL 5515954 *1 (2d Cir. 2011), quoting, Ciambriello, 292 F.3d at 324–25; see also Faison v. Maccarone, 2012 WL 681812 *5 (E.D.N.Y. 2012). Complaints alleging nothing more than vague and general allegations of conspiracy are properly dismissed. Ciambriello, 292 F.3d at 325; Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir.1993); Flores, 2008 WL 4394681 *8. While places and dates of meetings need not be pled with particularity, pleadings must set forth a plausible theory of agreement and concerted action. McIntyre v. Longwood Central School Dist., 2008 WL 850263 *11 (E.D.N.Y. 2008).

Moreover, as stated above, a plaintiff must plead more than mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1973-74. Indeed, if this court were to allow a plaintiff to go beyond the pleading stage of litigation upon setting forth nothing more conclusory allegations of conspiracy with state actors, "private actors – including lawyers and witnesses – would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a 'plausible' conspiracy claim." Flores, 2008 WL 4394681 *8.

Courts have often been called upon to determine whether a private citizen's interaction with law enforcement is sufficient to render the individual a state actor for the purpose of imposing Section 1983 liability. Merely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor.

Luciano v. City of New York, 2009 WL 1953431* 2 (S.D.N.Y. 2009); Johns v. Home Depot U.S.A., Inc.. 221 F.R.D. 400, 405 (S.D.N.Y. 200. A private party supplying information or seeking police assistance "does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party." Kelly v. Yorktown Police Dept. 2006 WL 3316183 *5 (S.D.N.Y. 2006) (citations omitted); see also Jones v. J.C. Penney's Dept. Stores, Inc., 2007 WL 1577758 *7 (W.D.N.Y. 2007) (store employees not state actors simply because they detain or call for the arrest of suspected shoplifters). Where, on the other hand, a private citizen has done more than simply call police and provide sworn information, a claim of state action may be sustained. In such cases, facts showing concerted action must be alleged, even at the pleading stage, to avoid dismissal. E.g., Bacquie, 2000 WL 1051904 *2.

II. Disposition of Section 1983 Claim

Upon review of the allegations of the complaint as set forth above, the court holds that Plaintiff fails to allege facts sufficient to survive this motion to dismiss. As to the particular events of the date at issue, the complaint alleges nothing more than the facts that Ruiz identified Plaintiff as a thief, stated his belief to Officer Alvarez, and thereafter identified Plaintiff upon review of a photo array. With respect to the initial identification of Plaintiff, the complaint states that Defendant Ruiz, and not a member of law enforcement, acted "recklessly," "carelessly" and "negligently" in making the initial report to Officer Alvarez. Any ill intent is therefore expressly attributed only to Ruiz. With respect to the photo identification, Ruiz's initial identification of Plaintiff explains her inclusion in the array presented by Detective Dezelic.

The only allegation of conspiracy with a state actor is the bare and completely unsupported allegation that the photo identification was part of some unspecified "plan" of Ruiz and Dezelic to falsely accuse Stewart. Thus, with no factual elaboration, the complaint alleges

that Ruiz "with deliberate indifference and reckless disregard acted in concert with Detective Dezelic knowing that Melissa Stewart looked nothing like" the person observed by Ruiz on the Store surveillance tape. Such pleading amounts to nothing more than a bare recitation of the elements of a cause of action and is insufficient to survive this motion to dismiss. Moreover, to the extent that the complaint alleges that "defendants" conspired to violate Plaintiff's rights, such allegations fail to support any claim of state action because no police officer or other state actor has been named as a defendant herein. Instead, the named individual defendants in this matter are private employees of the Store.

Bacquie v. City of New York, 2000 WL 1051904 (S.D.N.Y. 2000), relied upon heavily and almost exclusively by Plaintiff, is not to the contrary. There, plaintiff alleged that individual hotel employees were liable as state actors because they acted jointly with law enforcement to falsely arrest plaintiff. In Bacquie, the court denied a motion to dismiss the complaint noting that the defendant hotel "did more than just call the police and swear out a complaint." Bacquie, 2000 WL 1051904 *2. Instead, after consulting with the individual hotel employees, the police and the individuals entered into an agreement whereby plaintiffs were ordered to sign a "Trespass Report" form to avoid arrest. Id. Such allegations supported the claim of joint action necessary to state a claim holding a private individual liable as a state actor. Id.; see also Alexanian v. New York State Urban Development Corp., 554 F.2d 15, 17 (2d Cir. 1977) (civil rights claim stated against individual where it was alleged that individual and police officer threatened plaintiff that charges would be pursued if he did not withdraw charges against conspiring individual).

Here, unlike Bacquie, Plaintiff states nothing more than unsupported allegations of an agreement between police officers and the private Defendants. These allegations fall short of the facts necessary to support a claim of joint collaboration or conspiracy with a state actor so as to

impose individual liability. Accordingly, the motion to dismiss any claim pursuant to Section 1983 is granted.

III. <u>Pendent State Claims</u>

In view of the dismissal of Plaintiffs' only federal claims, the court declines to exercise its discretion to entertain any pendent state claims and, instead, dismisses the complaint in its entirety. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1996) (where federal claims are dismissed before trial state claims should be dismissed as well); <u>Grace v. Rosenstock</u>, 228 F.3d 40, 55 (2d Cir. 2000).

## CONCLUSION

For the reasons set forth above, the court grants the motion of the Defendants to dismiss the complaint. The court declines to exercise pendent jurisdiction over any state claims. Accordingly, the complaint is dismissed in its entirety.

The Clerk of the Court is directed to terminate the motion to dismiss and to close the file in this matter.

SO ORDERED.

/s/ LEONARD D. WEXLER

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 19, 2012